UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SHAD DURHAM,                                )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    ) CAUSE NO: 1:19-cv-4902
                                            )
FRESHREALM, LLC,                            )
                                            )
            Defendant.                      )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.     Plaintiff, Shad Durham ("Durham"), brings this action against Defendant, FreshRealm, LLC ("Defendant"), for unlawfully violating his rights as protected by Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

## PARTIES

2.     Durham has resided within the Southern District of Indiana at all relevant times.

3.     Defendant operates and conducts business in the Southern District of Indiana.

## JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 1981, 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1988 and 29 U.S.C. § 626©.

5.     Durham was an "employee" within the meaning of 42 U.S.C. § 2000e(f), 29 U.S.C. § 630(f) and 29 U.S.C. § 2611(3).

6.     Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b), 29 U.S.C. § 630(b) and 29 U.S.C. § 2611(4).

7.     Durham satisfied his obligations to exhaust his administrative remedies, having timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission. Durham later filed a subsequent Charge of Discrimination with the Equal Employment Opportunity Commission.   He received his "Dismissal and Notice of Rights" on his original Charge and now timely files his lawsuit within ninety (90) days after receipt of said Notice.

8.     Venue is proper in this Court under 28 U.S.C. § 1931(b)(1).

## FACTUAL ALLEGATIONS

9.     Durham is white and was 42 years old at the time of his termination. He began his employment with Defendant in or about July 2017. At all times relevant, Durham's position was Assistant Plant manager.

10.    Throughout his employment with Defendant, Durham met or exceeded Defendant's legitimate employment expectations.

11.    In February 2019, Durham's former supervisor, the plant manager, was promoted from the position. Durham was required to fill the plant manager's position without the accompanying increase in pay or title.

12.    While performing the job, Durham applied formally. Durham was not even given an interview. On information and belief, Durham was not considered for the permanent position because of his age and/or his race. Defendant desired a younger and/or non-white candidate for the position.

13.    Durham repeatedly brought systemic and personnel issues to his superiors while fulfilling the duties of Plant Manager. Defendant ignored these communications and instead alleged Durham was responsible for the very deficiencies he brought to attention. On information

and belief, Defendant ignored Durham and then disciplined him on pretextual reasons because it preferred younger and/or non-white employees, some of whom Durham implicated through his communications regarding deficiencies in the plant.

14.     Defendant has shown favoritism to younger and/or non-white similarly situated employees.   Adam Williams, a younger African American employee, was given preferential treatment in comparison to Durham in the form of better opportunities and higher pay, despite Durham's greater experience in relevant areas.

15.     In March, 2019, Defendant accused Durham of theft, with little to no evidence. Durham was able to completely exonerate himself. Despite this, Defendant spread rumors throughout the plant that Durham had committed theft. On information and belief, Defendant was searching for a pretext to terminate Durham, as evidenced by its concoction of a defamatory crime.

16.     Three months later, in June 2019, Defendant approached Durham with a list of alleged deficiencies in his work. At no point in his prior 2 years had Durham been informed that there were problems with his work. The alleged deficiencies listed were all subjective. By objective metrics, the plant had been performing well during Durham's time filling the Plant Manager position. On information and belief, these allegations were a second attempt at creating a pretext to terminate Durham.

17.     Durham provided feedback regarding the various allegations against him that Defendant did not respond to. On July 15, 2019, Durham complained to Defendant about age and race discrimination when his attorney sent a copy of his proposed EEOC charge to Defendant.

18.    Without any further communication with Durham or his attorney regarding these allegations, Defendant terminated Durham.

19.    On information and belief, Durham was terminated because of his age and/or race and because he had engaged in protected activity in the form of his EEOC charge.

20.    All reasons proffered by Defendant for adverse actions taken by it regarding Durham's employment are pretextual.

21.    Durham has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

### TITLE VII – RACE DISCRIMINATION

22.    Durham hereby incorporates paragraphs 1-21 of his Complaint.

23.    Defendant took adverse employment actions against Durham when it terminated his employment because of his race.

24.    Other, similarly situated employees who are not white were treated more favorably than Durham and were not subjected to the same adverse employment actions as Durham.

25.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Durham's rights as protected by Title VII.

## COUNT II

### SECTION 1981 – RACE DISCRIMINATION

26.    Durham hereby incorporates paragraphs 1-25 of his Complaint.

27.    Defendant took adverse employment actions against Durham when it terminated his employment because of his race.

28.    Other, similarly situated employees who are not white were treated more

favorably than Durham and were not subjected to the same adverse employment actions as him.

29.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Durham's rights as protected by Section 1981.

## COUNT III

## ADEA AGE – DISCRIMINATION

30.    Durham hereby incorporates paragraphs 1-29 of his Complaint.

31.    Defendant took adverse employment actions against Durham when it terminated him based on his age.

32.    Other, similarly situated employees who are substantially younger than Durham were treated more favorably than him and were not subjected to the same adverse employment actions as him.

33.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Durham's rights as protected by the ADEA.

## COUNT IV
## RETALIATION

34.    Durham hereby incorporates paragraphs 1 – 33 of his Complaint.

35.    Defendant took adverse employment actions against Durham because he engaged in Statutorily protected activity under Title VII, Section 1981 and the ADEA.

36.    Other, similarly-situated employees who had not engaged in protected activity were treated more favorably by Defendant.

37.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Durham's rights as protected by Section 1981, Title VII and/or the ADEA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Shad Durham, by counsel, respectfully requests that this Court find for him and order that:

1.      Defendant reinstate Durham to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2.      Defendant pay lost wages and benefits to Durham;

3.      Defendant pay compensatory damages to Durham, including, but not limited to, damages for emotional distress, inconvenience, humiliation, embarrassment, anger, depression, anxiety, disgust, frustration, and similar emotions as a result of Defendant's unlawful acts;

4.      Defendant pay punitive damages to Durham;

5.      Defendant pay liquidated damages to Durham;

6.      Defendant pay pre- and post-judgment interest to Durham;

7.      Defendant pay Durham' attorneys' fees and costs incurred in litigating this action; and

8.      Defendant pay to Durham any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

## DEMAND FOR JURY TRIAL

Plaintiff, Shad Durham, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:     (317)955-2570
Email:jhaskin@jhaskinlaw.com
Attorney for Plaintiff: Shad Durham